


**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **DELILAH WILLIAMS** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **CIVIL ACTION NO.** |
| | ) | |
| **HOOVER CITY BOARD OF EDUCATION and APPLETON PLUS PEOPLE CORPORATION** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

---

**COMPLAINT**

---

**<u>JURISDICTION AND VENUE</u>**

1. This is a complaint for legal and equitable relief to redress violations by the defendants of the plaintiffs' rights secured by:

   a) Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, <u>et seq.</u>

2. Federal subject matter jurisdiction exists pursuant to:

   a) 28 U.S.C. § 1331; and 1343(a)(3); and

   b) Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, <u>etseq.</u>

**PARTIES**

3. Plaintiff, Delilah Williams (hereinafter referred to as "Williams"), is a female over the age of nineteen years old and a citizen of Chilton County, Alabama.

Plaintiff was employed by and performed educational services for Defendants in Jefferson County, Alabama.

4. Defendant, Appleton Plus People Corporation (hereinafter referred to as "Appleton") is an Alabama corporation providing professionals such as teachers, and para-professionals such as teachers' aids and substitutes to K-12 schools throughout Alabama and surrounding states.

5. Defendant, Hoover City Board of Education (hereinafter referred to as "Hoover") is an educational agency of the State of Alabama. Hoover is vested with the authority and responsibility to provide public education services to school-aged residents living within the territorial boundaries of the Hoover City school system.

**NATURE OF ACTION**

6. Williams brings this action of unlawful employment practices and acts of intentional discrimination that occurred at Green Valley Elementary School, an elementary school operated by Hoover which is located in the Southern Division of the Northern District of the United States District Court for Alabama.

7. This is an action to redress grievances resulting from acts of Defendants, their agents, servants, and employees with respect to Plaintiff's employment; and for a permanent injunction restraining Defendants from maintaining a policy and practice of discriminating against the plaintiff and other persons similarly situated on account of

gender/pregnancy.

8. Plaintiff seeks to be reinstated to her former position wherein she was discriminated against due to her gender/pregnancy.

9. Plaintiff seeks compensatory and punitive damages to which she is entitled and attorneys' fees and costs.

## ADMINISTRATIVE PROCEDURES

10. On November 5, 2015, within 180 days of learning of the acts of discrimination of which she complains, Plaintiff filed charges of discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC"). (**Attached as Exhibit A.**)

11. Plaintiff received a Notice of "Right to Sue" from EEOC, dated February 13, 2017 with regard to her charge of discrimination against Appleton, entitling her to institute a civil action in federal district court.(**Attached as Exhibit B**).[1]

12. Plaintiff received a Notice of "Right to Sue" from the United States Justice Department dated March 3, 2017 with regard to her charge of discrimination against Hoover, entitling her to institute a civil action in federal district court.. (**Attached as Exhibit C**).[2]

---

[1]Williams' EEOC Charge identified the employer entity as Appleton Learning Tallented Recruit.

[2]Williams' EEOC Charge against Hoover identified the employer entity as Green Valley Elementary,

13. All prerequisites for bringing this action have been met.

## STATEMENT OF FACTS

14. Williams was first employed by Appleton and Hoover as a special education aid at Trace Crossings Elementary School, another school operated by Hoover. Williams was placed at Trace Crossings in March 2015 and worked through the remainder of that school year until May 2015.

15. In July 2015, the decision was made to move Williams to Green Valley Elementary School as a special education aid for the 2015-16 school year.

16. Green Valley Elementary is a school operated by Hoover. At all times relevant to this civil action, Jeff Singer (herein after referred to as "Singer") was the principal of Green Valley Elementary School.

17. Appleton has a contract with Hoover to supply Appleton employees to fill positions of responsibility with Hoover. Under the contract, Hoover has the authority to terminate any Appleton employee and require Appleton to remove or replace any of its employees under the contract.

18. Hoover controlled Williams' work hours, the work week, when a position became available, the designation of the position category, the date the position would be filled, interviewed candidates prior to someone being placed into the position. Hoover had authority to reject any particular candidate.

19. Hoover supervised Williams' work, modified her job assignment, provided her with any equipment and tools she needed to perform her position and provided her workspace to perform her job duties.

20. Williams was assigned to the behavioral unit which at the time consisted of two second grade students. In the unit there were two aids (Williams and Tameka Lewis) and a teacher, Ms. Leigh Windsor.

21. During the last week of August 2015, Williams told Singer that she was pregnant in the office near the nurse's station. He replied, "You and your husband did not waste any time."

22. Shortly thereafter, in September 2015, Singer came to the behavioral unit and instructed Williams to start going to Ms. Gile's third grade classroom from 1:45 - 2:15 pm each day to assist with student Dillon. Both before and after this designated period, Williams continued performing her normal duties working with Ms. Windsor and Ms. Lewis in the behavioral unit. When Williams asked how long she would do this, Singer told her until they got a third student in the behavioral unit.

23. In Williams' absence, Singer brought in a male aid, Coach Dee, to help in the behavioral unit while Williams was in Ms. Gile's classroom.

24. A third student (Sean) was assigned to the behavioral unit and Williams ceased going to Ms. Gile's classroom.

25. Ms. Windsor told Williams that she told Singer about Williams' pregnancy

and that she was concerned about Williams pregnancy. The next day, Williams went to Singer and assured him that she had no problem working and could perform her duties and did not know why Ms. Windsor felt the need to say anything about her pregnancy. Singer responded that Ms. Windsor was just concerned and that he too was concerned given the type of kids they work with in that unit.

26. On October 19, 2015, after school, Williams received a phone call from Teresa Huntley with Appleton who said, do you have a situation? Williams replied, what do you mean, situation? Huntley stated, are you expecting? Williams replied, expecting what? Huntley said, are you pregnant? Williams replied, yes. Huntley said, congratulations, but due to your situation, being pregnant, the principal saw fit that today was your last day working at Green Valley.

27. Williams asked if it was due to her pregnancy or not doing her job. Huntley replied, No, they never said you weren't doing your job, I'm saying you were let go due to your situation of being pregnant.

28. Unknown to Williams, Singer also made it known that he wanted a male and female aid in the behavioral unit where Williams worked.

29. After Williams was terminated, she was permanently replaced with David Palmer, a male aid.

30. At no time prior to her termination was Williams counseled about her work performance.

## COUNT ONE

## TITLE VII GENDER AND PREGNANCY DISCRIMINATION

31. Williams adopts and realleges 1- 30 as if fully recited herein.

32. This is a claim against both defendants, acting as joint employers for the intentional discrimination against Williams because of her gender and pregnancy in violation of Title VII.

33. Williams is female who was pregnant when the decision to terminate her employment was made.

34. Williams was never counseled or disciplined regarding her job performance.

35. Williams' gender and pregnancy were motivating factors in the defendants' decision to terminate her employment and replace her with a male employee.

36. As a proximate result of defendants' unlawful intentional discrimination, Williams suffered financial loss, economic loss, loss of employment, shame, humiliation, emotional distress and trauma.

37. Williams seeks declaratory and injunctive relief, award of lost employment benefits and wages, back pay, front pay, interest, compensatory damages for emotional distress, costs, attorneys' fees, punitive damages and any and all such other relief the trier of fact may assess.

**WHEREFORE,** the Williams, respectfully requests this Court:

A. Permanently enjoin defendants from engaging further in its discriminatory treatment on the basis of gender and pregnancy.

B. Order defendants, its agents, and employees to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices, including implementing a policy against gender and pregnancy discrimination in the work place;

C. Order defendants, their agents, and employees to make whole Williams by providing appropriate back pay with prejudgment interest, front pay and other monetary relief as may be available to her;

D. Award Williams compensatory and punitive damages;

E. Award Williams her costs and expenses herein, including a reasonable attorney fees; and,

F. Award such other and further relief which this Court deems necessary and proper.

Respectfully submitted,

/s/ Kenneth D. Haynes
Kenneth D. Haynes (ASB-6190-H36K)

**OF COUNSEL**:
Haynes & Haynes, P.C.
1600 Woodmere Drive
Birmingham, Alabama 35226
(205) 879-0377

(205) 879-3572

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY**

/s/ Kenneth D. Haynes
Kenneth D. Haynes

**DEFENDANT'S ADDRESS:**

Hoover City Board of Education
c/o Dr. Kathy Murphy, Superintendent
2810 Metropolitan Way
Hoover, AL 35243

Appleton Plus People Corporation
c/o Glenn Clayton, Registered Agent
200 Clinton Avenue, Ste. 1000
Huntsville, AL 35801-4918