UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DELILAH WILLIAMS,** } | |
| } | |
| Plaintiff, } | |
| } | |
| v. } | Case No.: 2:17-cv-00781-RDP |
| } | |
| **HOOVER CITY BOARD OF** } | |
| **EDUCATION, et al.,** } | |
| } | |
| Defendants. } | |

**MEMORANDUM OPINION**

This case is before the court on the Motion to Dismiss (Doc. # 8) filed by Defendant Appleton Plus People Corporation ("Appleton") and the Motion to Strike also filed by Defendant Appleton (Doc. # 27). The parties have fully briefed the Motion to Dismiss. (Docs. # 8-9, 22, 25). Defendant Appleton requested a Motion to Strike (Doc. # 27) the August 4, 2017 response (Doc. # 26) submitted by Defendant Hoover City Board of Education ("Hoover"). For the reasons explained below, both motions (Docs. # 8, 27) are due to be denied.

**I.    Procedural Background and Relevant Facts**

Plaintiff claims that Defendants Appleton and Hoover, acting as joint employers, intentionally discriminated against her on the basis of her gender and her pregnancy in violation of Title VII. (Doc. # 1). Defendant Appleton, an Alabama corporation that provides teachers, teachers' aids, and substitutes to Hoover schools, placed Plaintiff in Green Valley Elementary School, a Hoover school, as a special education aid for the 2015 through 2016 school year. (*See id.* at ¶¶ 4, 14-15). According to Plaintiff, Hoover had the authority to interview and reject Appleton employees before placement in its schools, to terminate any Appleton employee placed

within its schools, and to require Appleton to remove or replace its employees placed within its schools. (*See id.* at ¶ 17).

Plaintiff alleges that she told Green Valley Elementary School Principal Jeff Singer ("Singer") that she was pregnant during the last week of August 2015. (*See id*. at ¶ 21). At some later date, Plaintiff contends that she assured Singer that her pregnancy would not interfere with her duties and Singer responded that he was concerned about her pregnancy because of "the type of kids" with which Plaintiff worked. (*See id.* at ¶ 25).

According to the complaint, on October 19, 2015, Teresa Huntley ("Huntley") from Appleton called Plaintiff and informed Plaintiff that she was no longer to work at Green Valley Elementary School. (*See id.* at ¶ 26). Allegedly, Huntley told Plaintiff that her termination was due to her pregnancy and, because of her pregnancy, Singer requested that Plaintiff be let go. (*See id.* at ¶ 26-27). Plaintiff asserts that she was replaced by a male aide following her termination. (*See id.* at ¶ 29).

On November 5, 2015, Plaintiff filed charges of discrimination with the EEOC against both Appleton and Green Valley Elementary School, alleging that both parties discriminated against her in violation of Title VII. (Doc. # 1, Ex. A). Plaintiff received a Notice of Right to Sue from the EEOC on February 13, 2017, allowing her to proceed against Defendant Appleton. (Doc. # 1, Ex. B). Plaintiff received a Notice of Right to Sue from the U.S. Department of Justice on March 3, 2017, allowing her to proceed against Defendant Hoover. (Doc. # 1, Ex. C).

Plaintiff filed a complaint against Defendants Appleton and Hoover on May 11, 2017. (Doc. # 1). Defendant Hoover answered Plaintiff's complaint on June 9, 2017. (Doc. # 7). Defendant Appleton motioned to dismiss under Rule 12(b)(6) on June 12, 2017. (Docs. # 8, 9).

On August 4, 2017, after the parties had fully briefed Defendant Appleton's Motion to Dismiss, Defendant Hoover responded "to filings in support of and opposition to Appleton's motion to dismiss." (Doc. # 26). Defendant Appleton responded to Defendant Hoover's response on August 14, 2017 and asked this court to strike Defendant Hoover's response as untimely and improper. (Doc. # 27 at 1). On August 16, 2017, Defendant Hoover responded to Defendant Appleton's Motion to Strike, explaining that its previous filing (Doc. # 26) was intended to preserve Hoover's legal position. (Doc. # 28). Discovery has been stayed pending the resolution of Defendant Appleton's Motion to Dismiss (Doc. # 8). (Doc. # 21).

## II. Standard of Review

The Federal Rules of Civil Procedure require that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, the complaint must include enough facts "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels and conclusions" or "naked assertion[s]" without supporting factual allegations. *Id.* at 555, 557. In deciding a Rule 12(b)(6) motion to dismiss, courts view the allegations in the complaint in the light most favorable to the non-moving party. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007).

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A plausible claim for relief requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Twombly*, 550 U.S. at 556.

In considering a motion to dismiss, a court should "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Kivisto v. Miller, Canfield, Paddock & Stone, PLC*, 413 F. App'x 136, 138 (11th Cir. 2011) (quoting *Am. Dental Assn. v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010)). That task is context specific and, to survive the motion, the allegations must permit the court based on its "judicial experience and common sense . . . to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. If the court determines that well-pleaded facts, accepted as true, do not state a claim that is plausible, the claims are due to be dismissed. *Twombly*, 550 U.S. at 570.

### III. Analysis of Defendant Appleton's Motion to Dismiss

Defendant Appleton claims that it is due to be dismissed because, under the allegations of Plaintiff's complain, Plaintiff was terminated "at the behest of the Principal of Green Valley" and, therefore, Appleton was not the decisionmaker of Plaintiff's termination. (Doc. # 9 at 1-2). That argument is off the mark. Although Plaintiff's complaint more extensively focuses on Defendant Hoover's authority and control over Plaintiff (Doc. 1 at ¶¶ 17-19) than on Defendant Appleton's control over Plaintiff, Plaintiff's factual contention that Defendant Appleton was a

joint employer of Plaintiff is well-pleaded and sufficient to survive a motion to dismiss. (Doc. # 1 at ¶¶ 3, 14, 32).

Under Title VII, discharging an individual "because of such individual's race, color, religion, sex, or national origin" is an unlawful employment practice. 42 U.S.C. § 2000e-2(a)(1). In order to maintain a Title VII claim, a plaintiff must allege the existence of an employment relationship between the plaintiff and the defendant. *See Reeves v. DSI Sec. Servs.*, 331 F. App'x 659, 661 (11th Cir. 2009) (citing *Hishon v. King & Spalding*, 467 U.S. 69, 74). Title VII defines an employer as a "person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of the twenty or more calendar weeks in the current or preceding calendar year, and any agent of such person." 42 U.S.C. § 2000e(b). The term "employer" is to be interpreted liberally. *See Lyes v. City of Riviera, Fla.*, 166 F.3d 1332, 1341 (11th Cir. 1999).

A plaintiff may assert a Title VII claim against an entity that is not her "recognized employer" under various theories, including a "joint employer" theory. *See id.* (explaining the "single employer," "joint employer," and "agency" tests for determining circumstances in which it is appropriate to aggregate multiple entities as a single employer). Two entities may be considered joint employers when they "contract with each other for the performance of some task, and one company retains sufficient control over the terms and conditions of employment of the other company's employees." *Id.* at 1342; *see Virgo v. Riviera Beach Assoc., Ltd.*, 30 F.3d 1350, 1359-60 (11th Cir. 1994). Under the economic reality test, a court examines the following eight factors in considering whether a joint employment relationship is present: (1) the nature and degree of control of the workers; (2) the degree of supervision, direct or indirect, of the

work; (3) the power to determine the pay rates or the methods of payment of the workers; (4) the right, directly or indirectly, to hire, fire, or modify the employment conditions of the workers; (5) preparation of payroll and the payment of wages; (6) ownership of facilities where work occurred; (7) performance of a specialty job integral to the business; and (8) investment in equipment and facilities. *See Layton v. DHL Exp. (USA), Inc.*, 686 F.3d 1172, 1176 (11th Cir. 2012). The joint employer analysis focuses on "the degree of control an entity has over the adverse employment decision on which the Title VII suit is based." *Llampallas v. Mini-Circuits, Lab, Inc.*, 163 F.3d 1236, 1244-45 (11th Cir. 1998).

Here, accepting all well-pleaded factual allegations in the complaint as true and construing facts in the light most favorable to Plaintiff, it is not facially apparent that Defendant Appleton was not an employer, or a joint employer, of Plaintiff. Based on the premise that "Appleton has a contract with Hoover to supply Appleton employees to fill positions of responsibility with Hoover" (*see id.* at ¶ 17), Plaintiff refers to both Defendant Appleton and Defendant Hoover as her employers throughout her complaint. (*See id.* at ¶¶ 3, 14, 32). Plaintiff also alleges that Huntley, an Appleton representative, called Plaintiff to inform her of her termination. (*See id.* at ¶¶ 26-27). These claims, taken in a light most favorable to Plaintiff, establish that Defendant Appleton had the right to both hire and fire Plaintiff and weigh in favor of labeling Defendant Appleton as an "employer" of Plaintiff. *See Layton*, 686 F.3d at 1176. Furthermore, these allegations "raise a reasonable expectation that discovery will reveal evidence" to support Plaintiff's claim that Defendant Appleton was an employer of Plaintiff. *See Twombly*, 550 U.S. at 556. Accordingly, Defendant Appleton's Motion to Dismiss is due to be denied.

## IV.     Analysis of Defendant Appleton's Motion to Strike

Motions to strike allow a court to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  Courts disfavor motions to strike, and they will usually be denied unless the pleading sought to be stricken is clearly insufficient as a matter of law. *Knous v. United States*, 981 F. Supp. 2d 1365, 1366 (N.D. Ga. 2013); *Somerset Pharmaceuticals, Inc. v. Kimball*, 168 F.R.D. 69, 74 (M.D. Fla. 1996).  A court generally will not exercise its discretion to strike "unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Bank of the Ozarks v. Khan*, 903 F. Supp. 2d 1370, 1376 (N.D. Ga. 2012).

Defendant Appleton argues that the court should strike Defendant Hoover's response (Doc. # 26) because it was untimely, Hoover lacked standing, and Hoover's response relied on allegations outside the complaint.  (Doc. # 21).  In most circumstances, a court cannot consider evidence that is not attached to the complaint in deciding whether to dismiss a claim under Rule 12(b)(6).  *See SFM Holdings, Ltd. v. Banc of Am. Sec., LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010) (explaining that an extrinsic document can only be considered in deciding a motion to dismiss if it is central to a plaintiff's claim and its authenticity is not challenged).  Because Defendant Hoover's response cannot be (and has not been) considered by this court in analyzing Defendant Appleton's Motion to Dismiss, the court finds that, at this point, Defendant Appleton will not be prejudiced by leaving Defendant Hoover's response in the record.  Therefore, Defendant Appleton's Motion to Strike is due to be denied.

## V.     Conclusion

For the reasons explained above, Defendant Appleton's Motion to Dismiss and Motion to Strike are denied.  An order consistent with this Memorandum Opinion will be entered.

**DONE** and **ORDERED** this August 23, 2017.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE